In the Matter of John COLLIER
and Jo Collier, Debtors.

John COLLIER and Jo Collier, Plaintiffs,

v.

VALLEY FEDERAL SAVINGS
BANK, et al., Defendants.

Bankruptcy No. 95–83317.
Adv. No. 96–80146.

United States Bankruptcy Court,
N.D. Alabama,
Northern Division.

Aug. 1, 1996.

Vincent Ledlow, Bond, Botes, Sykstus, Larsen & Ledlow, P.C., Florence, AL, for Plaintiffs/Debtors.

Gorman, Jones, Sheffield, AL, for Defendants.

William N. Pitts, Trustee, Sheffield, AL.

ORDER

JACK CADDELL, Bankruptcy Judge.

This matter is before the Court on the debtors' complaint for declaratory relief. The debtors' confirmed Chapter 13 plan provides, among other things, that a mortgage indebtedness to Valley Federal Credit Union, secured by certain real estate property located at 613 Larimore Street, Florence, Alabama, should be paid for directly to the creditor, and proposes to pay a 55% dividend to general unsecured creditors. The plan contains no provisions concerning any equity in the property or with regard to any rental income generated by the property. The real estate secured is not the debtors homestead but is rental property, and thus debtors are not entitled to a claim of exemption in same. The debtors listed the value of the subject property as $22,000.00 in Schedule A of their bankruptcy petition. Post-confirmation the property burned and the insurance company tendered approximately $42,100.00 in full payment of the loss with said amount paying the mortgage in full and leaving an excess balance in the amount of $25,600.00. The debtors assert that they are entitled to the excess balance free and clear of all claims under the confirmed plan. They propose to continue making their monthly payments to the trustee in the sum of $287.00 for the next 53 months, totaling $15,211.00, until their confirmed plan has been carried out in full. In essence, they want to keep the entire $25,600.00 without paying any of same into their Chapter 13 case.

A second option would be for the $25,-600.00 to be paid to the trustee towards satisfaction of the debtors' $15,211.00 due under the plan, with the debtors' receiving the insurance proceeds balance. Under this option the debtors would obtain their Chapter 13 discharge on an accelerated basis. Upon attaining such relief, the debtors would

walk away from this bankruptcy with approximately $10,389.00 in equity while paying unsecured creditors only 55% of their claims.

A third, and the Court believes the fairest, option would be for the $25,600.00 to be paid to the trustee in addition to the $15,211.00 remaining under the confirmed plan. See *In re McCray*, 172 B.R. 154 (Bankr.S.D.Ga. 1994) (holding that debtor could be required to fund Chapter 13 plan with tax refund received post-confirmation); *In Re Euerle*, 70 B.R. 72 (Bankr.D.N.H.1987) (increasing distribution to unsecured creditors upon debtor's post-confirmation receipt of pre-confirmation inheritance of $300,000.00).

▮ The confirmation order in the instant case is silent on the issue of when property of the estate vests in the debtors, and simply requires the "submission of the debtors' future disposable income to the repayment of their debts." Debtors' Letter Brief, page 2 (AP Doc. 6). Hence, the debtors argue that the insurance proceeds vested in them upon confirmation of their Chapter 13 plan pursuant to 11 U.S.C. § 1327(b) of the Bankruptcy Code. Although this issue is debatable, the Court does not believe that such decision is mandated because the Court finds that the insurance proceeds constitute an unexpected and extraordinary change in the debtors' financial circumstances necessitating the modification of the debtors' confirmed Chapter 13 plan to conform with the debtors' increased disposable income. "The confirmation order is res judicata on the disposable income test, except in extraordinary circumstances." *In re McCray*, 172 B.R. at 158 (citing *In re Woodhouse*, 119 B.R. 819, 820 (Bankr.M.D.Ala.1990)). However, where "substantial, unanticipated changes" occur, post-confirmation modification of plan payments is appropriate. *Id.* at 158.

Accordingly, the Court hereby modifies the debtors' Chapter 13 plan to increase the dividend to the unsecured claim holders to reflect the debtors' increased disposable income. The Court believes that this option is more in keeping with the terms and conditions of the confirmed plan and in keeping

with the best interest test under 11 U.S.C. § 1325(a)(4) of the Bankruptcy Code.

DONE and ORDERED.