**In re Sally Jo NOTT, Debtor.**

**No. 97–8911–8G3.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Sept. 29, 2000.

Steven M. Fishman, Safety Harbor, FL, for debtor.

Terry E. Smith, Bradenton, FL, Chapter 13 Trustee.

Walter G. Bullington, Jr., M. Eric Barksdale, Bradenton, FL, for Chapter 13 Trustee.

## ORDER ON TRUSTEE'S MOTION TO DISMISS CHAPTER 13 CASE

PAUL M. GLENN, Bankruptcy Judge.

**THIS CASE** came before the Court for hearing to consider the Motion to Dismiss Chapter 13 Case filed by the Chapter 13 Trustee. In the Motion, the Trustee asserts that the Debtor, Sally Jo Nott, received an inheritance during the pendency of her chapter 13 case, and that the inheritance is property of the estate pursuant to § 1306 of the Bankruptcy Code. The Trustee contends that "the debtor's receipt of an inheritance after the initial confirmation of a chapter 13 plan may be captured for the benefit of creditors at confirmation of a modified plan under § 1329." (Trustee's Supplemental Authority, p. 1).

In response, the Debtor asserts that the inheritance is not property of the estate because it was received after the Debtor's chapter 13 plan had been confirmed, and that the inheritance therefore vested in the Debtor, and not the estate, pursuant to § 1327 of the Bankruptcy Code. The Debtor contends that she should be permitted to accelerate her payments under the existing, confirmed plan and conclude her case. (Post–Trial Brief by the Debtor, p. 4).

## Background

The Debtor filed her petition under chapter 13 of the Bankruptcy Code on May 30, 1997. On the same date, she also filed a chapter 13 plan. On March 4, 1998, an Order Confirming Plan was entered. The Order Confirming Plan provided for the Debtor to make payments to the Trustee in the amount of $315 per month for a period of forty-eight months, or until unsecured creditors had received twenty percent (20%) of the allowed amount of their claims. The total amount of unsecured claims filed in the case equaled $82,111.12.

The Debtor's mother passed away on March 6, 1999, approximately one year after the Order Confirming Plan was entered. As a result of her mother's death, the Debtor received an inheritance in an amount ranging from $270,000 to $300,000. (Post–Trial Brief by the Debtor, p. 1). The Debtor purchased a home and an automobile with a portion of the amount inherited.

The Debtor has not filed a Motion to Modify Confirmed Plan, and has not submitted any portion of the inheritance to the Trustee.

Upon learning of the inheritance, the Trustee filed the Motion to Dismiss currently under consideration.

## Discussion

### I. Section 1329—modification of plan after confirmation.

 Section 1329 of the Bankruptcy Code provides for the modification of chapter 13 plans after they have been confirmed by the Bankruptcy Court.

**11 U.S.C. § 1329. Modification of plan after confirmation**

(a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be

modified, upon the request of the debtor, the trustee, or the holder of an allowed unsecured claim, to—

(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

(2) extend or reduce the time for such payments; or

(3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan.

(b)(1) Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section.

(2) The plan as modified becomes the plan unless, after notice and a hearing, such modification is disapproved.

A party making a request under § 1329, therefore, may seek modification for the purposes listed in the section, and any proposed modification should comply with §§ 1322(a), 1322(b), 1323(c), and 1325(a) of the Bankruptcy Code.

The policy underlying § 1329 is consistent with the general policy of chapter 13 of the Bankruptcy Code.

Section 1329 is intended to promote the ability-to-pay standard to allow upward or downward adjustment of plan payments in response to changes in a debtor's circumstances which substantially affect the ability to make future payments. (Citation omitted). Accordingly, post-confirmation plan modification is usually sought by a debtor when there has been an unanticipated and substantial decrease in income (e.g., unemployment) or by an unsecured creditor or the trustee when the debtor experiences an increase or windfall (e.g., an inheritance or lottery winning).

*In re Trumbas,* 245 B.R. 764, 767 (Bankr. D.Mass.2000).

Some courts require the moving party to justify a proposed modification by establishing a substantial, unanticipated change of circumstances. See, for example, *In re Collier,* 198 B.R. 816 (Bankr.N.D.Ala. 1996), *In re Euler,* 251 B.R. 740 (Bankr. M.D.Fla.2000), and the cases cited in *In re Meeks,* 237 B.R. 856, 859 (Bankr.M.D.Fla. 1999).

Other courts, however, require only that the proposed modification satisfy one of the three purposes specified in § 1329(a). *In re Meeks,* 237 B.R. at 860. In other words, a modification may be permissible after confirmation of the original plan, provided only that the modification propose to increase or decrease the payments under the plan (§ 1329(a)(1)), to extend or reduce the length of the plan (§ 1329(a)(2)), or to reduce the amount paid to a claimant who has received payments outside of the plan (§ 1329(a)(3)).

The court in *In re Trumbas,* 245 B.R. 764 (Bankr.D.Mass.2000), took a practical approach:

As a practical matter, a party requesting modification of a post-confirmation chapter 13 plan must have a legitimate reason for doing so, and the party must strictly conform to the three limited circumstances set forth in the statute.

*In re Trumbas,* 245 B.R. at 766–67. In *Trumbas,* the Court interpreted § 1329 as permitting only modifications that are consistent with the general policy of chapter 13 by allowing increases or decreases in plan payments in accordance with changes in a debtor's ability to pay. *Id.* at 767.

In this case, the Court need not determine whether there is a threshold standard for modification of a Chapter 13 plan, or consider the differing viewpoints or the effect of differing practices or circum-

stances underlying those viewpoints.[1] In this case, the Debtor received a substantial inheritance after her chapter 13 plan had been confirmed. This is a substantial, unanticipated change in her circumstances, and satisfies even the strictest standard for modification of a chapter 13 plan.

Neither the Trustee nor the Debtor, however, has proposed a specific modified plan for consideration by the Court. Instead, the Trustee asserts only that the inheritance received by the Debtor "may be captured for the benefit of creditors at confirmation of a modified plan under § 1329." Consequently, it appears that the Trustee is contemplating a modification whereby the Debtor's payments under the plan are increased, resulting in an increased distribution to unsecured creditors. Such a proposal conforms to the purpose for modification set forth in § 1329(a)(1) of the Bankruptcy Code. Additionally, it promotes the "ability to pay" policy of chapter 13, since it would allow for an adjustment of the Debtor's plan payments in response to a change in the Debtor's circumstances that affected her ability to pay.

The Court finds that the Trustee should be permitted to seek modification of the Debtor's chapter 13 plan pursuant to § 1329(a) of the Bankruptcy Code.

## II. Section 1325(a)(4)—the effective date of the modified plan.

■ Once it is determined that modification of a confirmed plan may be permitted under § 1329(a), the Court must then determine whether any proposed modification would satisfy the requirements of § 1322(a), § 1322(b), § 1323(c), and § 1325(a) of the Bankruptcy Code. 11 U.S.C. § 1329(b)(1).

■ Sections 1322(a) and 1322(b) specify mandatory and permissive requirements for the contents of a plan. Section 1323(c) addresses positions of secured creditors. Section 1325(a) provides certain requirements for confirmation of a plan. "When a plan is modified under § 1329, the Debtor's modified plan, among other requirements, must be proposed in good faith [§ 1325(a)(3)] and must satisfy the best interests test [§ 1325(a)(4)]." *In re Barbosa*, 236 B.R. 540, 552 (Bankr.D.Mass. 1999), *aff'd* 243 B.R. 562 (2000).

Section 1329(b)(1) "makes section 1325(a), which sets out the requirements for confirmation of a Chapter 13 plan, applicable to any plan modification. Section 1325(a)(4) provides that a chapter 13 plan cannot be confirmed unless it satisfies what is generally known as the 'best interest of creditors test.'" *In re Guentert*, 206 B.R. 958, 963 (Bankr.W.D.Mo.1997).

■ Section 1325(a)(4) provides:

**11 U.S.C. § 1325. Confirmation of plan**

(a) Except as provided in subsection (b), the court shall confirm a plan if—

. . .

(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date.

---

1. Two of the leading cases concluding that the confirmation order has no res judicata effect were determined in jurisdictions where the Chapter 13 plans were "percentage plans" that were confirmed prior to the bar date for filing claims. See *In re Witkowski,* 16 F.3d 739 (7th Cir.1994) and *In re Than,* 215 B.R. 430 (9th Cir. BAP 1997). These circumstances would not have arisen in jurisdictions such as the Middle District of Florida where Chapter 13 plans are not confirmed until after the claims bar date.

Under the test, (1) the value of property that unsecured creditors are to receive under the debtor's plan or modified plan, is compared with (2) the value of property that would be distributed to unsecured creditors in a hypothetical chapter 7 case. *In re Forbes*, 215 B.R. 183, 189 (8th Cir. BAP 1997). The date that the property is valued for purposes of the test is "the effective date of the plan." 11 U.S.C. § 1325(a)(4).

■ When applying the test to the modification of a confirmed plan, the Court concludes that the "effective date of the plan" should be the effective date of the modified plan, rather than the effective date of the initial plan. This conclusion is based in part on the legislative history to § 1329(b), which governs modification of plans after confirmation.

In applying the standards of proposed 11 U.S.C. § 1325(a)(4) to the confirmation of a modified plan, "the plan" as used in the section will be the plan as modified under this section, by virtue of the incorporation by reference into this section of proposed 11 U.S.C. § 1323(b). Thus, the application of the liquidation value test must be redetermined at the time of the confirmation of the modified plan. H.R.Rep. No. 595, 95th Cong., 1st Sess. 431 (1977) U.S.Code Cong. & Admin.News pp. 5787, 6386, 6387.

*In re Barbosa*, 236 B.R. at 553 n. 22; *In re Walker*, 153 B.R. 565, 568 (Bankr.D.Or. 1993).

The better interpretation is that "the effective date of the plan" is the effective date of the plan as modified. This interpretation gives effect to § 1329(b)(2) and recognizes that the passage of time between confirmation of the original plan and confirmation of the modified plan does change the facts and circumstances of a Chapter 13 case. Those changes may benefit the debtor or benefit credi-

tors, but the tests for confirmation in §§ 1322 and 1325 that are applied at confirmation of a modified plan under § 1329(b)(1) should be applied to the facts as they appear at the time of confirmation of the modified plan.

Keith M. Lundin, Chapter 13 Bankruptcy, § 6.44 at p. 6–133 (2nd ed.1994 & Supp. 1996) (quoted in *In re Barbosa*, 236 B.R. at 552.).

The Court in both *Barbosa* and *Walker* concluded that "the best interest or liquidation value test of § 1325(a)(4) is applied as of the effective date of the plan as modified." *In re Barbosa*, 236 B.R. at 552; *In re Walker*, 153 B.R. at 568.

When considering confirmation of a modified plan, the Court finds that § 1325(a)(4) should be applied as of the effective date of the modified plan.

### III. Sections 1306 and 541—the amount that would be paid if the estate were liquidated under chapter 7.

■ As set forth above, § 1325(a)(4) provides that the Court shall confirm a plan if "the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim *if the estate of the debtor were liquidated under chapter 7* of this title on such date." 11 U.S.C. § 1325(a)(4)(Emphasis supplied). When considering confirmation of a modified plan under § 1329, the test is applied as of the effective date of the modified plan. The next issue, therefore, involves a determination of the amount that unsecured creditors would receive if the debtor's estate were liquidated under chapter 7 as of the date of the modified plan. This, in turn, involves a determination of which assets are included in "property of the estate" as of the effective date of the modified plan, and which assets would be avail-

able to creditors if the estate were liquidated under chapter 7.

Generally, in a chapter 7 liquidation, unsecured creditors receive a value equal to the net nonexempt assets of the estate, less any costs of administration of the chapter 7 case.

> The best-interests test under section 1325(a)(4) requires that the property offered the holder of each allowed unsecured claim have a present value, as of the effective date of the plan, not less than the amount that would be paid if the debtor's estate were liquidated under chapter 7. *The language of the statute plainly means that the court is to ascribe a liquidation value to all nonexempt property of the estate, as that term is defined under section 541.*

8 Collier on Bankruptcy, ¶ 1325.05[2][d] (15th ed.)(Emphasis supplied).

"Property of the estate" is defined broadly in § 541(a) of the Bankruptcy Code to include "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). Section 1306, however, expands the definition of property that constitutes "property of the estate" in chapter 13 cases:

> **11 U.S.C. § 1306. Property of the estate**
>
> (a) Property of the estate includes, in addition to the property specified in section 541 if this title:
>
> (1) all property of the kind specified in such section *that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted* to a case under chapter 7, 11, or 12 of this title, whichever occurs first.

(Emphasis supplied.) The legislative history to § 1306 offers little guidance as to the purpose of this section. It appears, however, that the intent of the section is to include all property acquired by the debtor postpetition within the scope of the automatic stay and the confirmation standards set forth in § 1325. *In re Reiter,* 126 B.R. 961, 965 (Bankr.W.D.Texas 1991).

Where a chapter 13 debtor receives settlement proceeds arising from a postpetition cause of action, for example, the proceeds are property of the estate pursuant to § 1306(a)(1). *In re Studer,* 237 B.R. 189, 191 (Bankr.M.D.Fla.1998). Similarly, a chapter 13 debtor's postpetition, preconfirmation inheritance is property of the estate under § 541 and § 1306(a)(1) of the Bankruptcy Code. *In re Euerle,* 70 B.R. 72, 73 (Bankr.D.N.H.1987).

In this case, however, the Debtor contends that her inheritance should not be included as property of her chapter 13 estate for purposes of applying the "best interest of creditors" test, because she obtained the inheritance after her plan had been confirmed. Consequently, the Debtor contends that the inheritance is her individual property, and not property of the estate, by virtue of § 1327 of the Bankruptcy Code. Section 1327(b) provides:

> **11 U.S.C. § 1327. Effect of confirmation**
>
> . . .
>
> (b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

The concept of "vesting" is not defined in the Bankruptcy Code, and Courts have taken various approaches to the meaning of § 1327(b). See, for example, *In re Kolenda,* 212 B.R. 851 (W.D.Mich.1997), and *In re Holden,* 236 B.R. 156 (Bankr.D.Vt. 1999) for a summary of the approaches.

Courts have reached various interpretations of § 1327(b) as a result of the apparent conflict between § 1306 and § 1327(b).

"Sections 1306(a) and 1327(b) are difficult to reconcile." *In re Rangel*, 233 B.R. 191, 194 (Bankr.D.Mass.1999). On one hand, § 1306(a) says that the estate continues to collect property until the is closed, converted, or dismissed. On the other hand, § 1327(b)(2) seems to call for the termination of the estate upon plan confirmation. We, along with other courts, have struggled with the interplay between these statutes.

*In re Holden*, 236 B.R. 156, 161 (Bankr. D.Vt.1999). See also *In re Fisher*, 203 B.R. 958, 961 (N.D.Ill.1997) (The Court sought to "determine what is the effect of 'vest[ing]' property of the estate in the debtor after confirmation, § 1327(b), while at the same time deeming property acquired post-petition to be property of the estate, § 1306(a).")

This Court finds that property of a chapter 13 estate that is in existence and disclosed as of the date of confirmation vests in the Debtor pursuant to § 1327(b). Any property acquired postconfirmation, however, is property of the estate pursuant to § 1306(a). Explaining the interplay between § 1306(a) and § 1327(b), the Court in *In re Holden*, 236 B.R. 156, 163 (Bankr.D.Vt.1999) stated:

[U]pon confirmation of a Chapter 13 plan, all property of the estate is emptied from the estate and revested in the Debtors under § 1327(b). Such property is no longer property of the estate. Immediately after confirmation, the estate begins to be refilled by property acquired by Debtors post-confirmation. That property is protected by the automatic stay and remains so until the case is closed, converted, or dismissed.

According to the Court in *Holden*, this interpretation is the only approach that gives full effect to the plain meaning of both statutes. *In re Holden*, 236 B.R. at 161.

This interpretation also was adopted by the Court in *In re Rangel*, 233 B.R. 191, 198 (Bankr.D.Mass.1999).

In an effort to reconcile both §§ 1306(a) and 1327(b), the court [in *In re Fisher*, 203 B.R. 958 (N.D.Ill.1997)] concluded that the property of the estate which vests in a debtor at confirmation is that which is property of the estate as of the date of confirmation. *Id.* at 962. Section 1306(a) then operates to replenish the estate post-confirmation until the case is closed converted or dismissed. *Id.*

This approach does reconcile §§ 1306(a) and 1327(b). Furthermore, it gives meaning to the language in §§ 347, 349, 704(9), 1302, 1305 and 1329.

See also *In re Guentert*, 206 B.R. 958, 962 (Bankr.W.D.Mo.1997) (Also relying on *In re Fisher*, *supra*, the Court found that "property that was identified and not distributed under the plan at confirmation becomes property of the debtor. Property that comes into the estate post-confirmation remains property of the estate.")

Finally, the statute clearly states that property of a Chapter 13 estate includes "all property of the kind specified in [section 541] that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted...." Congress easily could have added "confirmation of the plan" to this list of events if it had intended that property acquired by the debtor after confirmation of the plan not be property of the estate.

In this case, the Debtor's mother passed away and the Debtor obtained the inheritance after confirmation of the Debtor's chapter 13 plan. Since it was acquired postconfirmation but before the case has been closed, dismissed, or converted, the Court finds that the inheritance is property of the estate pursuant to § 1306(a) and

the line of cases discussed above. Further, because the inheritance is "property of the estate," it should be included in determining the amount that unsecured creditors would receive in a hypothetical chapter 7 case when applying the "best interest of creditors" test under § 1325(a)(4) to any modified plan proposed in this case.

### Conclusion

A chapter 13 plan may be modified after confirmation pursuant to § 1329 of the Bankruptcy Code. According to § 1329(b)(1), the requirements of § 1325(a) are expressly made applicable to any postconfirmation modification of a plan. Section 1325(a)(4) contains what is known as the "best interest of creditors" test. The "best interest of creditors" test, which includes a liquidation analysis, should be applied as of the date of the modified plan. In this case, the Debtor acquired her inheritance postconfirmation. Property acquired postconfirmation is property of the estate under § 1306(a). Consequently, in applying the "best interest of creditors" test, the inheritance should be included as property of the estate in calculating the amount that would be paid to unsecured creditors if the Debtor's estate were liquidated under chapter 7.

■ Further, as the Court in *Barbosa, supra,* stated:

> Overriding all other concerns is the issue of good faith. In view of congress's intent in enacting chapter 13 to encourage debtors to repay their debts to the best of their ability, it would be anomalous for this Court to determine that the Debtors can retain the excess proceeds from the sale of the Property without satisfying their unsecured claims.

*In re Barbosa,* 236 B.R. at 556. In other words, it would be anomalous to disregard the postconfirmation acquisition of proper-ty in applying the "best interest of creditors" test under § 1325(a)(4) to the modification of a chapter 13 plan.

No modified plan has been proposed in this case. Section 1329(a), however, provides that a plan may be modified postconfirmation upon the request of either the debtor, the trustee, or the holder of an allowed unsecured claim. 11 U.S.C. § 1329(a). In the event that the Debtor, the Chapter 13 Trustee, or an unsecured creditor requests that the Debtor's plan be modified, therefore, the Court will consider the request by applying the guidelines set forth in this opinion.

Accordingly:

**IT IS ORDERED** as follows:

1. Within 20 days of the date of this order, the Debtor, the Chapter 13 Trustee, or the holder of an allowed unsecured claim may file a motion to modify the Debtor's chapter 13 plan.

2. If no motion to modify the Debtor's chapter 13 plan is filed, the Court will set a further hearing to determine if there is cause to dismiss the case.