**In re Edward Leon FLENNORY, Debtor.**

**No. 99–14099.**

United States Bankruptcy Court, S.D. Alabama.

Sept. 7, 2001.

John A. Lockett, Jr., Selma, AL, for Debtor.

Robert P. Reynolds, Tuscaloosa, AL, for West Alabama Bank & Trust.

## ORDER CLARIFYING PREVIOUS ORDER

MARGARET A. MAHONEY, Chief Judge.

This matter is before the Court on the motion of West Alabama Bank & Trust ("WAB & T") for a new trial or in the alternative to alter or amend the order or judgment of this Court order denying WAB & T's motion to modify debtor's confirmed plan. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court has the authority to enter a final order. For the reasons indicated below, the Court is denying the motion of WAB & T for a new trial or in the alternative to alter or amend the judgment except to the extent that this order clarifies the previous order.

### FACTS

Edward Flennory filed for relief pursuant to chapter 13 of the Bankruptcy Code on November 18, 1999. In his schedules, Flennory listed his income as $1,200 per month and his expenses as $892 per month. His expenses consisted of $525 for rent, $85 for electricity and heating fuel, $32 for telephone and $50 for transportation costs. WAB & T filed a claim in December of 1999. Flennory's confirmed plan, dated February 12, 2000, provides for unsecured, nonpriority claims to be paid 1% pro rata. Under Flennory's plan, WAB & T has a bifurcated claim secured by two vehicles. The secured portion of the claim totals $12,000.00 and the unsecured portion of the claim is in the amount of $5,174.93. Flennory received an income tax refund this year in the amount of $3,447.00 which had already been spent at the time of the original hearing on this matter. Debtor claimed his income from work had decreased and/or that the expenses taken directly out of his paycheck, such as insurance, increased since he filed bankruptcy. WAB & T pointed out that his pay rate and hours worked would indicate a slight increase in income. WAB & T asked this Court to increase Flennory's plan payments to account for his increase in income as a result of the tax refund. This Court denied the motion of WAB & T by order dated May 23, 2001. On May 31, 2001 WAB & T filed a motion for new trial or in the alternative to alter or amend judgment.

### LAW

The motion of WAB & T lists several reasons why the order of May 23, 2001 should be set aside. Those reasons are: (1) the Court did not follow the Eleventh Circuit precedent established in *Green Tree Acceptance, Inc. v. Hoggle (In re Hoggle),* 12 F.3d 1008 (11th Cir.1994); and (2) the debtor should not have spent the tax refund it received once WAB & T's motion was filed.

This Court will not consider any additional evidence at this time. The evidence to be considered concerning Mr. Flennory's income and expenses consists of Mr. Flennory's schedules and the evidence presented at the original hearing on this matter on May 10, 2001. This Court found that Flennory's receipt of the tax refund did not amount to a substantial change in his ability to pay and that a full analysis of Flennory's income and expenses resulted in little or no increase at all in disposable income. This Court still concludes that the findings and conclusions were correct.

### A.

WAB & T contends in its brief that this Court should follow the precedent set by the Court of Appeals for the Eleventh Circuit in *In re Hoggle,* 12 F.3d 1008

(11th Cir.1994). This Court agrees with the Eleventh Circuit and concludes that it does follow *Hoggle* in this ruling. The *Hoggle* court discussed the application of 11 U.S.C. § 1329. The Court explained that § 1329 was designed "to permit modification of a plan due to changed circumstances of the debtor unforeseen at the time of confirmation." *Id.* at 1011. "[M]odification is permissible where problems such as a 'natural disaster, a long-term layoff, or family illness or accidents with attendant medical bills' prevent compliance with the original plan." *Id.* The Eleventh Circuit did not formally establish a standard to be applied to a debtor's right to modify a plan other than that it must conform to the requirements of § 1322. However, the types of events which the court indicated might make a modification appropriate are situations where unanticipated, major changes in debtors' lives have occurred. All of the examples are unexpected events. This is precisely what this Court is saying in this case. There has been no major, unanticipated change in circumstances. At the time of initial confirmation, the Bank could have anticipated that tax refunds might be paid. There is no surprise involved. Second, the tax refund is not a major or substantial change in the debtors' income. It was transitory. It counterbalanced added expenses and lower income. Two Alabama courts, post *Hoggle*, have used the substantial unexpected change standard. See *In re Collier*, 198 B.R. 816 (Bankr. N.D.Ala.1996); *In re Tippins*, 221 B.R. 11 (Bankr.N.D.Ala.1998) (discussing requirements for plan modification in a footnote). This was appropriate considering *Hoggle's* language. On a practical level, a standard of substantial change in circumstances is a necessity. Without some threshold requirement creditors could compel modification every time a debtor obtained a slight increase in income or decrease in an expense. The income and expenses of a debtor may fluctuate weekly or monthly. This Court has numerous debtors who work on commission or who work in seasonal industries (e.g., logging). Continual adjustments would be appropriate if a creditor had no threshold to meet. The Court has observed that income increases usually coincide with inflation, resulting in the debtors disposable income remaining about the same. Creditors are not the only parties who will be held to this standard. Often a debtor has unexpected expenses, such as car repairs or house maintenance and repairs that were not included on his schedules. These expenses are not unforeseeable and should also not lower plan payments. If fluctuations in income and expenses do not amount to a change substantial enough to give the debtor a significant increase in disposable income, then a creditor should not be permitted to seek to modify the debtor's plan and vice versa. If this is not the rule, the number of motions to modify could increase significantly with little benefit to anyone. The ability to file motions based on any change could be used as a tactic by a creditor or debtor. The cost in attorneys fees and time spent defending against the motion could be difficult to bear.

## B.

█ The Court in its opinion of May 23, *2001,* stated that "a motion [to modify a debtor's plan] must be made in time to put a debtor on notice to hold the money." WAB & T objected to that statement. WAB & T also objected to the Court's statement that "if creditors or the trustee have objections to the plan, they should be raised at confirmation." This statement was made in regard to seeking payment of tax refunds in general into a plan. The Court concludes its statements were correct but should be further explained. As

to requiring debtors to hold money pending a hearing, a creditor needs to seek a restraining order or injunction to get such relief or get counsel's agreement. Fed. R. Bankr.P. 7001. The Court will not require debtors to hold funds which may be very necessary to their survival upon a creditor's unproven claim that the money should be paid into a plan. This could result in serious pressure being placed on debtors improperly. If the situation warrants it, a restraining order must be obtained. One was not obtained here. The problem could be prevented by a creditor seeking proof of disposable income at the beginning of a case which reflects actual taxes to be paid and/or having a plan which requires tax refunds to be paid to the trustee.

THEREFORE, IT IS ORDERED AND ADJUDGED that the motion of West Alabama Bank and Trust for new trial or in the alternative to alter or amend judgment of this Court's order is DENIED.