MEMORANDUM **
James Erhard appeals from a decision of the Bankruptcy Appellate Panel (“BAP”), In re Roberts, 331 B.R. 876 (9th Cir. BAP 2005), reversing the bankruptcy court’s denial of debtor Kenneth Roberts’s discharge under 11 U.S.C. § 727(a)(4)(A). Roberts cross-appeals the BAP’s decision that Roberts waived any objection to Erhard’s failure to timely serve the summons and complaint. We affirm the BAP in all respects.
As a preliminary matter, Roberts argues we lack jurisdiction to hear this appeal because Erhard did not file a timely notice of appeal (“NOA”). Even though Erhard’s actual NOA was one day late, Erhard did timely file a Designation of Record and Statement of Issues. Because this document sufficiently apprised Roberts that Erhard intended to appeal and what was the subject of attack, we construe this document as a timely-filed NOA. See Curtis Gallery & Library, Inc. v. United States, 388 F.2d 358, 360 (9th Cir.1968); see also Rabin v. Cohen, 570 F.2d 864, 866 (9th Cir.1978).
Roberts also argues for the first time on appeal that Erhard lacks standing to pursue this appeal because the written property settlement agreement between Roberts and Erhard’s daughter does not identify the existence of an obligation to repay Erhard. Because Roberts previously listed the obligation to Erhard on his bankruptcy schedules, he is judicially es-topped from now claiming that Erhard lacks standing as a creditor. See Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 783-84 (9th Cir.2001). Moreover, Erhard satisfies the broad definition of creditor under the Bankruptcy Code: he has a claim against Roberts for $20,000, even if that claim is disputed. See 11 U.S.C. § 101(5).
We affirm the BAP’s reversal of the bankruptcy court’s denial of discharge. Under § 727(a)(4)(A), Erhard had to establish not only that Roberts made a material, false statement or omission, but that he did so knowingly and with fraudulent intent. See In re Wills, 243 B.R. 58, 62 *422 (9th Cir. BAP 1999). Even assuming that a “reckless disregard of both the serious nature of the information sought and the necessary attention to detail and accuracy in answering may rise to the level of fraudulent intent necessary to bar a discharge,” In re Mondore, 326 B.R. 214, 217 (Bankr.W.D.N.Y.2005), the facts of this case simply do not rise to that level. The trustee testified that the number and type of omissions in this case were within normal parameters and that none of the omissions concealed anything of benefit to the bankruptcy estate. See In re Coombs, 193 B.R. 557, 567 (Bankr.S.D.Cal.1996) (neither sloppiness nor absence of effort can support an inference of fraud).
We also affirm the BAP’s conclusion that Roberts waived his objection to the timeliness of Erhard’s service of the adversary complaint because he failed to raise the issue by motion or include the defense in a responsive pleading. Fed. R.CivP. 4(m) & 12(h)(1)(B); see Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir.1982); see also McCurdy v. American Bd. of Plastic Surgery, 157 F.3d 191, 195 (3d Cir.1998) (defense of untimely service under Rule 4 is subject to Rule 12’s waiver provisions); RTC v. Starkey, 41 F.3d 1018, 1021 (5th Cir.1995) (same); Pusey v. Dallas Corp., 938 F.2d 498, 500-01 (4th Cir.1991) (same); Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317-18 (11th Cir.1990) (same); United States v. Gluklick, 801 F.2d 834, 836-37 (6th Cir.1986) (same).
The decision of the BAP is AFFIRMED, and the case is REMANDED to the bankruptcy court for further proceedings consistent with this disposition.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.