**ORDERED PUBLISHED**

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No.   AZ-13-1251-DPaKu |
| ) | |
| ROBERT G. DALE, JR. and ) | Bk. No.   3:11-bk-30579-GBN |
| KATHY ANN DALE, ) | |
| ) | |
| Debtors. ) | |
| _____ ) | |
| ) | |
| ROBERT G. DALE, JR.; KATHY ) | |
| ANN DALE, ) | |
| ) | |
| Appellants, ) | |
| ) | |
| v. ) | **O P I N I O N** |
| ) | |
| EDWARD J. MANEY, Chapter 13 ) | |
| Trustee, ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

Argued and Submitted on January 23, 2014
at Tempe, Arizona

Filed - February 5, 2014

Appeal from the United States Bankruptcy Court
for the District of Arizona

Honorable Sarah S. Curley, Bankruptcy Judge, Presiding[1]

Appearances:     Pernell McGuire, Esq. argued for Appellants
Robert and Kathy Dale; Andrew M. Dudley, Esq.
argued for Appellee Edward J. Maney, Chapter
13 Trustee.

Before:  DUNN, PAPPAS, and KURTZ, Bankruptcy Judges.

---

[1] Although the subject case was assigned originally to the Hon. George B. Nielsen, Jr., Judge Curley presided over the proceedings at issue in this appeal.

DUNN, Bankruptcy Judge:

Debtors Robert and Kathy Dale appeal the bankruptcy court's determination that an inheritance Mr. Dale received from his mother more than 180 days following the petition date but prior to confirmation of a plan in the Dales' chapter 13[2] case was an asset of their bankruptcy estate. We AFFIRM.

## FACTUAL BACKGROUND

The relevant facts in this appeal are straightforward and undisputed.

The Dales filed their chapter 13 petition on October 31, 2011. To date, no plan has been confirmed in their chapter 13 case. On August 11, 2012, more than 180 days following the petition date, Mr. Dale's mother passed away, entitling him to an inheritance of approximately $30,000 ("Inheritance"). On December 13, 2012, the Dales filed a declaration with the bankruptcy court disclosing the Inheritance.

The chapter 13 trustee Edward J. Maney ("Trustee") demanded that the Dales turn over the Inheritance funds to the Trustee for distribution to their creditors. On January 9, 2013, the Trustee filed a motion to dismiss the Dales' chapter 13 case, as payments under their proposed plan were delinquent. The Dales responded on January 14, 2013, with an "Amended Motion for Moratorium," proposing that they would make the remaining payments under their plan using $10,000 in unspent funds from the Inheritance. On the

---

[2] Unless otherwise indicated, all chapter and section references are to the federal Bankruptcy Code, 11 U.S.C. §§ 101-1532.

-2-

same date, the Trustee filed an amended motion to dismiss ("Amended Motion"), arguing that the Dales' chapter 13 case should be dismissed because the Dales 1) had failed to comply with the Trustee's recommendations; 2) had failed to disclose and turn over the nonexempt Inheritance proceeds; and 3) were still delinquent on plan payments. In their response to the Amended Motion, the Dales asserted that their case should not be dismissed because the postpetition Inheritance proceeds were not property of their bankruptcy estate, and even if they were, the Dales merely would be required to account for them in a "Chapter 7 reconciliation" rather than being required to turn over the entire Inheritance proceeds for distribution to their creditors.

After hearing argument on the Amended Motion, the bankruptcy court announced its findings and conclusions orally, deciding that an inheritance received by a chapter 13 debtor before the case is closed, dismissed or converted is property of the bankruptcy estate under § 1306. On May 15, 2013, the bankruptcy court entered an order consistent with its oral findings and conclusions, determining that the Inheritance proceeds were property of the Dales' bankruptcy estate and requiring the Dales either 1) to turn over the entire amount of the Inheritance to the Trustee for distribution to their creditors, or 2) to amend their chapter 13 plan to provide for distributions to their creditors in an amount, accounting for the Inheritance, sufficient to satisfy the "best interests of creditors" test, as required under § 1325(a)(4). The Dales timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C.

-3-

§§ 1334 and 157(b)(1) and (b)(2)(A), (E), (L) and (O).  We have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Did the bankruptcy court err as a matter of law in determining that an inheritance received by a chapter 13 debtor more than 180 days after the petition date, but before a plan was confirmed and before the chapter 13 case was closed, dismissed or converted was an asset of the bankruptcy estate?

**STANDARDS OF REVIEW**

We review a bankruptcy court's legal conclusions, including its interpretation of provisions of the Bankruptcy Code, de novo. Roberts v. Erhard (In re Roberts), 331 B.R. 876, 880 (9th Cir. BAP 2005), aff'd, 241 F. App'x 420 (9th Cir. 2007).  De novo review requires that we consider a matter anew, as if no decision had been rendered previously.  United States v. Silverman, 861 F.2d 571, 576 (9th Cir. 1988); B-Real, LLC v. Chaussee (In re Chaussee), 399 B.R. 225, 229 (9th Cir. BAP 2008).

**DISCUSSION**

This appeal concerns the interpretation of two subsections of the Bankruptcy Code, §§ 541(a)(5)(A) and 1306(a)(1).[3]  As

_____

[3] The Dales argue that analysis of § 1327(b) also is appropriate to provide context for our consideration of § 1306(a), citing California Franchise Tax Board v. Jones (In re Jones), 420 B.R. 506 (9th Cir. BAP 2009), aff'd, 657 F.3d 921 (9th Cir. 2011).  Section 1327(b) provides that, "Except as otherwise provided in the [chapter 13] plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor."  Since no plan has been confirmed in the Dales' chapter 13 case, we, like the bankruptcy court, do not consider § 1327(b) or the analysis in In re Jones
(continued...)

-4-

stated by the Supreme Court in Lamie v. U.S. Trustee,

> The starting point in discerning congressional intent is the existing statutory text, see Hughes Aircraft Co. v. Jacobson, 525 U.S. 432, 438 (1999), . . . It is well established that "when the statute's language is plain, the sole function of the courts – at least where the disposition required by the text is not absurd – is to enforce it according to its terms."

Lamie v. U.S. Tr., 540 U.S. 526, 534 (2004) (citations omitted).

Section 541(a)(5) provides in relevant part:

> (a) The commencement of a case under . . . this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
> . . . .
>
> (5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date –
> (A) by bequest, devise, or inheritance; . . . .

(Emphasis added.)

Section 1306(a)(1) provides:

> (a) Property of the estate includes, in addition to the property specified in section 541 of this title
> (1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first[.]

(Emphasis added.)

The Dales argue that in spite of the fact that § 1306(a)(1) refers only to "property of the kind" specified in § 541, without referring to any time limitation other than the date that a case

---

[3](...continued) relevant or applicable to disposition of the issue in this appeal.

is "closed, dismissed, or converted," it makes no sense to consider property of the "kinds" specified in § 541 without considering its exclusions as well, including the 180-day postpetition limit on inclusion of inheritances. The Fourth Circuit recently considered the interplay between §§ 541(a)(5)(A) and 1306(a)(1) in a similar context and came to the opposite conclusion:

> Congress has harmonized [§§ 541(a)(5) and 1306(a)] for us. With Section 541, Congress established a general definition for bankruptcy estates. With Section 1306, it then expanded on that definition specifically for purposes of Chapter 13 cases. Thus, "Section 1306 broadens the definition of property of the estate for chapter 13 purposes to include all property acquired and all earnings from services performed by the debtor after the commencement of the case." S. Rep. No. 95-989, at 140-41 (1978).
>
> The statutes' plain language manifests Congress's intent to expand the estate for Chapter 13 purposes by capturing the types, or "kind," of property described in Section 541 (such as bequests, devises, and inheritances), but not the 180-day temporal restriction. 11 U.S.C. § 1306(a). This is because "[t]he kind of property is a distinct concept from the time at which the debtor's interest in the property was acquired." In re Tinney, 07-42020-JJR13, 2012 WL 2742457, at *2 (Bankr. N.D. Ala. July 9, 2012). And on its face, Section 1306(a) incorporates only the kind of property described in Section 541 into its expanded temporal framework.

Carroll v. Logan, 735 F.3d 147, 150 (4th Cir. 2013).

The Fourth Circuit's decision in Carroll v. Logan is consistent with the great weight of authority interpreting the application of § 1306(a)(1) with respect to postpetition inheritances in chapter 13, explicitly considering the temporal exclusion included in § 541(a)(5). See, e.g., Vannordstrand v. Hamilton (In re Vannordstrand), 356 B.R. 788, 2007 WL 283076 (10th Cir. BAP 2007) (unpublished); In re Tinney, No. 07-42020-

-6-

JJR13, 2012 WL 2742457, at *1 (Bankr. N.D. Ala. July 9, 2012) ("Whether the Court should grant the Trustee's motion simply boils down to whether the temporal language in § 1306 - 'after commencement of the case but before the case is closed, dismissed, or converted' – expands the 180-day time period in § 541(a)(5)(A); the Court finds that by its plain language § 1306 does just that."); Geddes v. Watson (In re Watson), No. 12-80006, 2012 WL 2120530 (Bankr. N.D. Ala. June 11, 2012); In re Zeitchik, No. 09-05821-8-JRL, 2011 WL 5909279 (Bankr. E.D.N.C. Sept. 23, 2011); In re Jackson, 403 B.R. 95, 98 (Bankr. D. Idaho 2009); Moser v. Mullican (In re Mullican), 417 B.R. 389 (Bankr. E.D. Tex. 2008); In re Nott, 269 B.R. 250 (Bankr. M.D. Fla. 2000); and In re Euerle, 70 B.R. 72 (Bankr. D.N.H. 1987). See also Keith M. Lundin, 1 Chapter 13 Bankruptcy ¶ 47.2 (3d ed. 2007-1) ("In a Chapter 13 case, § 1306(a)(1) would appear to extend the 180-day period in § 541(a)(5) to include the period between commencement of the chapter 13 case and the time the case is closed, dismissed or converted.").

The Fourth Circuit explicitly considered and rejected in Carroll v. Logan two of the statutory construction arguments made by the Dales in this appeal: 1) that courts "must give effect to every word of a statute," and 2) that "specific language in a statute governs general language." 735 F.3d at 152. While recognizing that "courts should give effect to every word of a statute whenever possible," id., the Fourth Circuit concluded that application of that principle required that inheritances received by chapter 13 debtors more than 180 days after the petition date but before the chapter 13 case was closed,

-7-

dismissed or converted be included as estate property.

> [I]f Section 541's 180-day rule restricts what is included in a Chapter 13 estate, then Section 1306(a), which expands the temporal restriction for Chapter 13 purposes, loses all meaning. By contrast, neither statute is rendered superfluous, and both are given effect, if Section 1306(a)'s extended timing applies to Chapter 13 estates and supplements Section 541 with property acquired before the Chapter 13 case is closed, dismissed, or converted.

Id.

The Fourth Circuit further concluded that the canon of construction that the specific controls the general did not help the chapter 13 debtor appellants before them. Specifically, they rejected the contention that § 541(a)(5) was a specific provision while § 1306(a) was general.

> Section 1306(a) is specific to Chapter 13 bankruptcies and defines estates solely for purposes of that reorganization chapter. Section 541, by contrast, is a general provision that provides generic contours for bankruptcy estates.

Id.

The Dales cite primarily three bankruptcy court decisions from the Eleventh Circuit in support of their arguments that an inheritance received by a chapter 13 debtor(s) more than 180 days after the petition date is not bankruptcy estate property.[4] See In re Key, 465 B.R. 709 (Bankr. S.D. Ga. 2012); Le v. Walsh (In re Walsh), No. 07-60774, 2011 WL 2621018 (Bankr. S.D. Ga. June 15, 2011); and In re Schlottman, 319 B.R. 23 (Bankr. M.D. Fla.

---

[4] The Dales further cite the Fourth Circuit's decision in McLean v. Cent. States, Se. & Sw. Areas Pension Fund, 762 F.2d 1204, 1206 (4th Cir. 1985), as general support for their statutory construction arguments. Obviously, the McLean decision is preempted in this context by the Fourth Circuit's more recent, directly applicable decision in Carroll v. Logan.

-8-

2004). We are unpersuaded by the analyses of these bankruptcy cases and in any event, we question their viability in light of the Eleventh Circuit's decision in <u>Waldron v. Brown (In re Waldron)</u>, 536 F.3d 1239 (11th Cir. 2008). In <u>In re Waldron</u>, the Eleventh Circuit held that a chapter 13 debtor's claims for underinsured-motorist benefits that arose following confirmation of the chapter 13 plan were estate property pursuant to § 1306(a) as a matter of plain language interpretation, in spite of the vesting of estate property in the debtor following confirmation under § 1327(b). <u>Id.</u> at 1242. The Eleventh Circuit cited <u>In re Nott</u>, 269 B.R. at 257-58, which held that an inheritance received by a chapter 13 debtor more than 180 days after the petition date <u>and</u> after confirmation of the chapter 13 plan was property of the estate, as consistent with its conclusion. <u>In re Waldron</u>, 536 F.3d at 1243.

Ultimately, we agree with the analysis of the Fourth Circuit in <u>Carroll v. Logan</u>, and we conclude that the bankruptcy court did not err in determining that an inheritance received by chapter 13 debtors more than 180 days following the petition date but before confirmation of a chapter 13 plan and before the case is closed, dismissed or converted is property of the debtors' bankruptcy estate.

**CONCLUSION**

For the foregoing reasons, we AFFIRM.

-9-